THE COURT said, that if the matter now proposed to be read, is not charged in the indictment, and would be, of itself, a substantive libel, and therefore indictable, it cannot be given in evidence.

The attorney for the United States offered to examine, as a witness, one John Colclazer, a colored man, born of a white woman.

The counsel for the defendant objected.

But THE COURT (THRUSTON, Circuit Judge, contra) overruled the objection, and the witness was sworn and examined.

The evidence being closed, Mr. Carlisle, who opened the argument to the jury, on behalf of the prosecution, was about to read some parts of the pamphlets containing the libellous matter charged in the indictment, which parts had not been read in the opening of the evidence.

The defendant's counsel objected to anything being read in argument, to the jury, which had not been read when the pamphlets were offered in evidence.

But THE COURT overruled the objection, and said that the United States had not only the right, but were bound, to give in evidence the whole of the publication which contains the libellous matter charged; and either party has a right to read any part of it, pertinent to the issue.

Verdict, not guilty.

[See Case No. 3,350.]

---

## Case No. 14,886.

### UNITED STATES v. CRANE.

[Cited in the Case of Lange, Case No. 8,065. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,887.

### UNITED STATES v. CRANE.

[3 Cliff. 211.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1868.

BANKRUPTCY—INDICTMENT FOR FRAUDULENT CONCEALMENT OF PROPERTY.

1. Under section 44 of the bankrupt act of March, 1867 [14 Stat. 539], it was objected to an indictment that it did not sufficiently allege that the accused had attempted to account for certain of his property by fictitious losses, and that he had secreted and concealed certain portions of his property, after the commencement of proceedings in bankruptcy. The indictment alleged that the defendant was lawfully adjudged a bankrupt; that after commencement of proceedings in bankruptcy he was required by the district court to submit to examination on oath as to the disposal and condition of his property; that such examination was held; that the bankrupt was sworn to make true answers; and that he attempted to account for a certain item of property, with intent to defraud his creditors, by a fictitious loss. *Held,* that the objection as to the sufficiency of the allegation could not be sustained.

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

2. Section 38 of the act provides that the filing of a petition for adjudication in bankruptcy, either by the debtor or by a creditor, upon which an order may be issued by the court or by the register, shall be deemed the commencement of proceedings in bankruptcy.

3. An averment in the indictment that the defendant was lawfully adjudged a bankrupt was sufficient to admit the record.

4. Such an averment is only a preliminary allegation to let in the record of the examination, which is itself a proceeding in bankruptcy.

5. The objection that the averment of a conclusion is insufficient is not applicable to the one in this case, which was only essential to lay the foundation for the admission of the record to which it refers.

6. If this were not so, then it would be necessary to set out the whole record in the indictment.

7. Where in an indictment it was alleged in substance that the property falsely accounted for belonged to the bankrupt and was assignable under the bankrupt act, *held*, that such averment was equivalent to charging that the property was that of the defendant.

Motion in arrest of judgment. Indictment under section 44 of the bankrupt act of March 2, 1867, charging the defendant [John Crane] with attempting to account for a certain part of his property by fictitious losses, and for secreting certain of his property after the commencement of proceedings in bankruptcy.

The following causes were assigned: First. It is not alleged, nor does it appear in either count of said indictment, that he has committed an offence of which this court has jurisdiction. Second. It is not alleged, and it does not appear, that the omissions charged in the first count of the indictment, or that the attempt to account for fifteen thousand six hundred and eighty-three dollars by a fictitious loss thereof charged in the second count, or that the concealment charged in the third and last count, was after the commencement of proceedings in bankruptcy. Third. It is not alleged, and it does not appear, that the omission or either of the acts with which he is charged in said indictment was after the commencement of legal proceedings in bankruptcy. Fourth. If the second counts be, in other respects, sufficient, it is not alleged that the sum of fifteen thousand six hundred and eighty-three dollars was the property of him, the said Crane. Fifth. The said indictment and each and all the counts thereof are otherwise defective and insufficient to support or warrant a judgment against him.

G. S. Hillard, U. S. Atty.

H. W. Paine and H. W. Muzzey, for defendant.

CLIFFORD, Circuit Justice. The indictment is founded upon the forty-fourth section of the act of congress of the second of March, 1867, entitled "An act to establish a uniform system of bankruptcy throughout the United States" (14 Stat. 539).

By that section it is provided, among oth-